UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TIFFANY HARRISON SHABAZZ, | No. 2:25-cv-2812 DC AC PS |
| Plaintiff, | |
| v. | ORDER and |
| TASHAE DAVIS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Pre-trial proceedings are accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I. SCREENING

### A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.    The Complaint

Plaintiff first filed this action on September 29, 2025. ECF No. 1. Plaintiff filed the operative Amended Complaint on January 26, 2026. ECF No. 4. Plaintiff sues "individually and on behalf of Iman Shabazz and on behalf of minor children." Id. at 2. She brings three causes of action against defendants Tashae Davis, Lorine Haile, and John Davis: (1) wrongful death; (2) elder abuse/neglect under California Welfare & Institutions Code § 15600 et seq.; and (3)

2

interference with civil rights/familial association under 42 U.S.C. § 1983. Id. at 4-10. In the original complaint filed in this case, plaintiff identifies defendants Tashae Davis and Haile as Iman's sisters. ECF No. 1 at 1. John Davis is identified as the husband of Tashae Davis who, at all relevant times, was enrolled in registered nurse training and knew of the risks associated with Iman's situation. ECF No. 4 at 2.

In the operative complaint, plaintiff alleges she is the surviving spouse of decedent Iman Shabazz ("Iman"), an adult who sustained catastrophic injuries on April 1, 2021, and was a dependent requiring adult care, assistance, and protection until his death on October 21, 2023. Id. at 2. Following his hospitalization, Iman was placed in a nursing facility operated by Windsor Care on June 4, 2021. Id. at 4. On or about August 1, 2021, Iman was medically cleared and discharged, but despite this medical discharge and Iman's wish to return home, defendants refused to let him leave the nursing facility, without any court order allowing them to exercise control over Iman. Id. at 3. Defendant Davis failed to report this abuse. Id. Iman was unlawfully confined in the nursing facility until his death on October 21, 2023. Id. at 5.

C.      Discussion

This case must be dismissed for several reasons, discussed in detail below. Because it is clear from the allegations in the First Amended Complaint that plaintiff will not be able to state a claim upon which relief can be granted against defendants, the undersigned recommends dismissal without further leave to amend.

1.   Plaintiff Cannot Represent Her Deceased Husband's Estate or Her Children

Plaintiff, who is appearing in pro se, brings this action "individually on behalf of Iman Shabazz and their minor children." ECF No. 4 at 2. Plaintiff is not able to bring a claim on behalf of her minor children, because she cannot represent others while appearing pro se. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself"). Plaintiff is not able to bring a claim on behalf of the Estate of Iman Shabazz for the same reason. See Gutierrez v. Dep't of Children

3

& Family Servs. (D.C.F.S.), 2022 WL 3574691, at *2 (C.D. Cal. Feb. 3, 2022) (finding the plaintiff could not sue on behalf of the estate of his daughter).  Plaintiff can sue only on her own behalf.

2.  Defendants Cannot be Sued Under §1983

Plaintiff sues for constitutional violations under 42 U.S.C. § 1983, which provides a cause of action for the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States by a person acting "under color of any statute." Gomez v. Toledo, 446 U.S. 635, 638 (1980).  Section 1983 claims must demonstrate that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States.  See Lindke v. Freed, 601 U.S. 187, 194 (2024).

Each defendant in this case is a private actor.  ECF No. 4 at 4.  Generally, private parties do not act under color of state law.  Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999).  However, a private entity's action may be "under color of state law" where there is "significant" state involvement in the action.  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted).  To determine whether actions committed by private actors are fairly attributable to the state, the court must determine whether the depriving party is "a person who may fairly be said to be a state actor." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted).  Here, plaintiff does not allege any facts to indicate state involvement in or authority for defendants' actions.  It is plain from the facts alleged that defendants acted as private individuals.  Accordingly, defendants cannot be sued under § 1983.

3.  Plaintiff Cannot State a Claim for Wrongful Death

Plaintiff's allegations demonstrate that she cannot state a claim for wrongful death against defendants.  The elements of a California wrongful death claim are: (1) a wrongful act or neglect on the part of one or more persons that (2) causes (3) the death of another person.  Estate of Prasad ex rel. Prasad v. County of Sutter, 958 F. Supp. 2d 1101, 1118 (E.D. Cal. 2013) (citing Norgart v. Upjohn Co., 21 Cal.4th 383, 390 (1999)).  "A wrongful death claim may be predicated on negligence or other tortious conduct." Id at 1118.  "A claim for wrongful death has, as

necessary elements, all the traditional elements of negligence, i.e., duty, breach of duty, causation, and damage." Colburn v. United States, 45 F. Supp. 2d 787, 790 (S.D. Cal. 1998). "A claim for negligence requires the plaintiff to show that the defendant owed them a duty of care and breached that duty, which proximately caused injury." Quinto-Collins v. City of Antioch, 718 F. Supp. 3d 1033, 1058 (N.D. Cal. 2024).

Here, plaintiff alleges defendants "breached their duties" by refusing to allow Iman to return home when he was medically discharged in 2021, restricting his ability to communicate with plaintiff, preventing plaintiff from participating meaningfully in his care, treating Iman as incompetent without a court order, and allowing Iman to remain in a custodial setting where he suffered malnourishment, inadequate treated infections bedsores, and progressive physical decline. ECF No. 4 at 8. These allegations are insufficient to state a claim as a matter of law. First, plaintiff fails to establish that defendants, Iman's sisters and brother-in-law, owed Iman a legal duty of care. A "[d]uty [of care] is not universal; not every defendant owes every plaintiff a duty of care. A duty exists only if the plaintiff's interests are entitled to legal protection against the defendant's conduct. Recovery for negligence depends as a threshold matter on the existence of a legal duty of care." Golick v. State of California, 82 Cal. App. 5th 1127, 1138 (2022) (internal quotations omitted).

Plaintiff's allegations establish that the defendants had no duty of care to Iman: they had no legal custodial relationship with him and were not physically responsible for his care because he was in a nursing facility. ECF No. 4 at 2. To the extent the nursing facility allowed defendants to make custodial decisions for Iman when they did not have a legal right to do so, such failure belongs to the nursing facility. "Negligence involves the violation of a *legal duty* imposed by statute, contract or otherwise, by the defendant to the person injured, e.g., the deceased in a wrongful death action." Jacoves v. United Merch. Corp., 9 Cal. App. 4th 88, 105 (1992) (emphasis added). If defendants did not have any special legal obligation to or physical

////

////

////

5

control over Iman, as plaintiff alleges, they did not owe him a duty of care.[1]  Accordingly, the facts as stated by plaintiff demonstrate that a wrongful death claim cannot proceed against defendants.

    4.    Plaintiff Cannot State a Claim of Elder or Dependent Adult Abuse

        To state a claim for elder or dependent adult abuse under California law, a plaintiff must show that the defendants (1) "subjected an elder to statutorily-defined physical abuse, neglect, of financial abuse" and (2) "acted with recklessness, malice, oppression, or fraud in the commission of the abuse."  Jack v. Jack, 2013 WL 557019, at *3 (N.D. Cal. Feb. 12, 2013) (citing Von Mangolt Hills v. Intensive Air, Inc., 2007 WL 521222, at *2 (N.D. Cal. Feb. 15, 2007)).  Under the California Welfare and Institutions Code, one of the meanings of "neglect" is "[t]he negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise."  Cal. Welf. & Inst. Code § 15610.57(a)(1).  The California Supreme Court has held that the "Elder Abuse Act requires a caretaking or custodial relationship—where a person has assumed significant responsibility for attending to one or more of those basic needs of the elder or dependent adult that an able-bodied and fully competent adult would ordinarily be capable of managing without assistance."  Winn v. Pioneer Med. Grp., Inc., 63 Cal. 4th 148, 155 (2016).

---

[1]  The court notes that plaintiff filed three other cases against different defendants stemming from Iman's injury, alleged inadequate custodial care, and death.  In Shabazz v. Fuentes, plaintiff sues police officers, alleging "that on November 18, 2021, Plaintiff attempted to secure the release of Iman Shabazz, who was being unlawfully held against his will at Windsor Care Center located in Sacramento.  Defendants Fuentes and James responded to the facility and refused to release Iman Shabazz, and threatened Plaintiff and her children with arrest."  Shabazz v. Fuentes, 2:25-cv-2811 DJC CSK at ECF No. 4 at 3.  In Shabazz v. Mercy San Juaquin Medical Center, plaintiff alleges that the hospital that Iman was admitted to after his initial injury wrongfully replaced plaintiff with Iman's sisters, despite the fact that plaintiff was listed as his emergency contact and the existence of spiritual care notes in which Iman identified plaintiff as "his wife basically."  Iman v. Mercy San Juaquin Medical Center, 2:25-cv-2810 DJC CSR at ECF No. 6 at 2.  Plaintiff alleges the hospital unlawfully discharged Iman to Windsor Care Center.  Id. at 3.  Finally, in Shabazz v. Kahn, plaintiff sues employees of the long-term nursing care facility that Iman was housed in; though she does not identify the care facility as Windsor, the facts alleged indicate that this is same center as that named in the other cases.  Shabazz v. Kahn, 2:25-cv-2813 TLN CSK at ECF No. 1 at 1.

6

Here, plaintiff expressly alleges that defendants did not have a caretaking or custodial relationship: Iman was in the care of a hospital or nursing facility from the time of his injury to the time of his death. ECF No. 4 at 4-5. Accordingly, plaintiff cannot state a claim against defendants for elder or dependent adult abuse.

## II.  LEAVE TO AMEND IS NOT APPROPRIATE

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, given the defects described above, the undersigned finds that leave to amend would be futile. The federal civil rights claims against family members could not be cured by amendment because there is no plausible theory of state action. Even if the pleading of additional facts could cure the state law claims, there would be no basis for the exercise of federal jurisdiction. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal claims are eliminated before trial, the balance of relevant factors will point toward declining to exercise jurisdiction over the remaining state law claims). Accordingly, leave to amend is not warranted.

## III.  PRO SE PLAINTIFF'S SUMMARY

You have been granted IFP status and are not required to pay the filing fee. However, the Magistrate Judge is recommending that this case be dismissed because the facts you allege make it clear that you cannot state a successful legal claim against the defendants. First, §1983 does not apply to private people, like your sisters-in-law and brother-in-law. Second, since Iman was in the custody of a care facility from the time of his injury until his death, your in-laws cannot be legally liable for wrongful death or dependent adult abuse. The allegation that they allowed him to be in a nursing facility that they knew was bad is not enough to succeed with your legal claims. For these reasons, the Magistrate Judge is recommending that this case be dismissed. If you disagree with this recommendation, you may file objections within 21 days. The District Judge will make the final decision.

////

7

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.  The duplicative motion at ECF No. 3 is DENIED as MOOT.

Further, it is RECOMMENDED that this case be DISMISSED because it fails to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 2, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8